MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

CYNTHIA M. FREY (CABN 150571)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    cynthia.frey@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 12-0674 JSW |
|     v. ) | [~~PROPOSED~~] ORDER OF DETENTION OF DEFENDANT |
| ERIC JONES, ) | |
|     Defendant. ) | |

    The defendant, Eric Jones, came before this Court on October 17, 2012, for a detention hearing.  The defendant was present and represented by Candis Mitchell, Assistant Federal Public Defender.  Assistant United States Attorney Cynthia M. Frey represented the United States.

    The government requested detention, submitting that no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community.

No. CR 12-0674 JSW
[~~Proposed~~] Detention Order

Upon consideration of the court file and the party proffers as discussed below, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted.  In coming to its decision, the Court has considered those factors, paraphrased below:

(1)  the nature and seriousness of the offense charged;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record concerning appearance at court appearances; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The defendant is charged with violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), distribution of and possession with intent to distribute 5 grams or more of methamphetamine, as well as violations of 18 U.S.C. § 922(d), sale of a firearm to a prohibited person, and 18 U.S.C. § 922(a)(1), unlawful trafficking of firearms.  The defendant sold four firearms to a prohibited person, including an assault rifle.

Pursuant to 18 U.S.C. § 3142(e)(3), given the above charges, subject to rebuttal by the defendant, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community.  The defendant has not rebutted that presumption.

1. The offenses charged are serious in nature, such that the defendant is charged with selling not only narcotics, but also firearms, including assault weapons;

2.   While the defendant does not have an extensive criminal history, the defendant has a pending state case against him in which he has pleaded guilty to possession for sales of crack cocaine in violation of California Health and Safety Code § 11351.5, possession of firearms while in possession of narcotics for sale, in violation of Penal Code § 12022, and felony cruelty to a child, in violation of Penal Code § 273.  The defendant attempted to evade law enforcement at the time of his arrest on these charges.  In addition, the defendant has a bench warrant out for his arrest in relation to charges of theft;

3.   The defendant was also on probation when he committed the offenses charged in the instant Indictment;

4.   Law enforcement alleges that the defendant is a validated member of a criminal street gang in East Palo Alto;

5.   The defendant has not been gainfully employed for the last three years; and

6.   At the time of the hearing, there were no viable sureties.

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released the defendant would be a danger to the community.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.   The defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

2.   The defendant be afforded reasonable opportunity for private consultation with his counsel; and

3.   On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated:  11/2/12

JOSEPH C. SPERO
United States Magistrate Judge

No. CR 12-0674 JSW
[Proposed] Detention Order